Mohammad Feroz **ALAM**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 01–70820.

INS No. A70–777–163.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2002.*

Decided June 7, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Mohammed Feroz Alam, a citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's denial of Alam's requests for asylum and withholding of deportation and denying his motion to reopen to pursue suspension of deportation and relief under the Convention Against Torture. We deny Alam's petition for review.

■ Substantial evidence supports the BIA's conclusion that Alam's submission of a fraudulent writ that he represented as truthful undermined his asylum claim in its entirety. *See Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). The fraudulent

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

writ supports an adverse credibility determination because it goes to persecution, one of the critical elements of Alam's asylum claim. *In re O–D–*, 21 I. & N. Dec. 1079, 1082–83 (BIA 1998). Further, the Immigration Judge gave Alam ample opportunity to explain his submission of the fraudulent writ, but Alam provided no credible explanation for its presentation.

Because Alam did not meet the standard for granting asylum, it follows that he also did not satisfy the more stringent standard for withholding of deportation. *See Mejia–Paiz v. INS*, 111 F.3d 720, 725 (9th Cir.1997).

■ The BIA did not abuse its discretion in denying Alam's motion to reopen to pursue suspension of deportation and relief under the Convention Against Torture. *Israel v. INS*, 785 F.2d 738, 740 (9th Cir. 1986). With respect to Alam's suspension of deportation claim, he falls under IIRI-RA's stop-time rule because he did not apply for suspension of deportation until March 3, 1999, almost two years after IIR-IRA's April 1, 1997 effective date. *See Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1211–12 (9th Cir.), *as amended*, 250 F.3d 1271 (9th Cir.2001). Because seven years did not elapse between Alam's entry into the United States on August 31, 1989 and the government's issuance of an Order to Show Cause on February 27, 1996, he does not meet the stop-time rule and is not entitled to suspension of deportation. *See Ram v. INS*, 243 F.3d 510, 513 (9th Cir. 2001). With respect to Alam's Convention Against Torture claim, Alam's argument that as a journalist he is likely to face persecution under Pakistan's totalitarian regime is too generalized to establish prima facie eligibility for that type of relief. *See In re S–V–*, Int. Dec. 3430 (BIA 2000).

PETITION DENIED.